IN THE U. S. DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| B & W CUSTOM TRUCK BEDS, INC., | ) | |
| a Kansas corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-9317 |
| | ) | |
| CEQUENT PERFORMANCE PRODUCTS, INC., | ) | |
| a Delaware corporation, and | ) | |
| CEQUENT CONSUMER PRODUCTS, INC., | ) | |
| an Ohio corporation, and | ) | |
| HORIZON GLOBAL CORPORATION, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

B & W Custom Truck Beds, Inc. ("B & W"), for its Complaint against Cequent

Performance Products, Inc., Cequent Consumer Products, Inc., and Horizon Global Corporation

(collectively "Cequent" or "Defendants"), alleges as follows:

## THE PARTIES

1.      B & W Custom Truck Beds, Inc. is a Kansas corporation with its principal

place of business at 1216 Highway 224, Humboldt, Kansas 66748.

2.      Upon information and belief, Cequent Performance Products, Inc. ("CPP")

is a Delaware corporation with its principal place of business at 47912 Halyard Drive, Suite 100,

Plymouth, Michigan 48170.

3.      Upon information and belief, Cequent Consumer Products, Inc. ("CCP") is

an Ohio corporation with its principal place of business at 29000-2 Aurora Road, Solon, Ohio

44139.

4.      Upon information and belief, Horizon Global Corporation ("Horizon") is a Delaware corporation with its principal place of business at 39400 Woodward Avenue, Suite 100, Bloomfield Hills, Michigan 48304.

5.      Upon information and belief, CPP and CCP are wholly owned subsidiaries of Horizon.

## JURISDICTION AND VENUE

6.      This is a patent infringement action brought under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

7.      B & W seeks damages for patent infringement and an injunction preventing Defendants from making, using, selling, offering to sell, importing, or inducing others to make, use, sell, or offer to sell, B & W's patented technology without B & W's permission.

8.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over Defendants because each of the Defendants regularly does and solicits business in Kansas.  Defendants have sold and offer for sale products in Kansas that infringe the patents-in-suit, as alleged below.

10.     Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims asserted herein occurred in this District, and Defendants have committed acts of infringement in this District.

## BACKGROUND

11.     B & W has designed, produced, manufactured and marketed a wide range of towing and trailer hitch products and accessories for over 25 years.

12.     B & W's products are manufactured in Kansas.

13.     U. S. Patent No. 6,974,148, entitled "Low-Profile, Hitch-Concealing Mount" (the "'148 Patent"), issued on December 13, 2005.  B & W is the owner of all right, title, and interest in the '148 Patent.  A true and correct copy of the '148 Patent is attached as Exhibit A.

14.     U.S. Patent No. 7,819,416, entitled "Stowaway, Receiver Hitch" (the "'416 Patent"), issued on October 26, 2010.  B & W is the owner of all right, title, and interest in the '416 Patent.  A true and correct copy of the '416 Patent is attached as Exhibit B.

15.     Defendants import from China, offer for sale, sell, or use hitching devices in the United States and Kansas that directly infringe the '148 Patent.  The infringing products include, but are not necessarily limited to the "Adjustable Tri-Ball Mount" (P/N 63070) and the "Rotating, Height Adjustable Tri-Ball" (P/N 70218).  A true and correct copy of the installation instructions for the Adjustable Tri-Ball Mount (P/N 63070) is attached as Exhibit C and a true and accurate copy of page 31 of a catalog showing the Rotating, Height Adjustable Tri-Ball Mount (P/N 70218) is attached as Exhibit D.

16.     Defendants import from China, offer for sale, sell, or use hitching devices in the United States and Kansas that directly infringe, and that contribute to and induce infringement of the '416 Patent.  The infringing products include, but are not necessarily limited to the "Adjustable Tri-Ball Mount" (P/N 63070), the "Rotating, Height Adjustable Tri-Ball" (P/N 70218) and the "Adjustable Dual Ball Mount" (P/N 63071).  A true and correct copy of the installation instructions for the Adjustable Dual Ball Mount (P/N 63071) is attached as Exhibit E.

17.     Upon information and belief Horizon is directly involved in or directs and controls the importation, design, manufacture, distribution and sales of hitching devices or towing and trailering products into and in the United States by CPP and CCP including the

"Adjustable Tri-Ball Mount" (P/N 63070), the "Rotating, Height Adjustable Tri-Ball" (P/N 70218) and the "Adjustable Dual Ball Mount" (P/N 63071).

<u>**COUNT I:  INFRINGMENT OF THE '148 PATENT**</u>

18.     B & W incorporates by reference the foregoing allegations as if fully set forth herein.

19.     Defendants have infringed and continue to infringe the '148 Patent by making, using, selling, offering for sale, and/or importing, in the United States and this District, devices such as the Adjustable Tri-Ball Mount (P/N 63070) and the Rotating, Height Adjustable Tri-Ball(P/N 70218), each of which incorporate all elements of one or more claims of the '148 Patent.

20.      B & W informed Defendants CPP and CCP that the manufacture and sale of the Adjustable Tri-Ball Mount (P/N 63070) infringes the '148 Patent.

21.     Defendants continue selling the infringing devices despite knowledge of the '148 Patent.

22.     With knowledge of the '148 Patent, and after receiving B & W's admonitions regarding infringement, Defendants continue to infringe the '148 Patent.

23.     Defendants' actions in infringing the '148 Patent have been, and continue to be willful, deliberate, and/or in conscious disregard of the rights of B & W, making this an exceptional case within the meaning of 35 U.S.C. § 285.

24.     As a result of Defendants' infringing activities, B & W has sustained damages in an amount to be proven at trial.

25.     Defendants will continue their infringing activities unless and until restrained and enjoined by this Court.

26.     Defendant's infringing activities have caused, and will continue to cause, B & W irreparable harm for which there is no adequate remedy at law.

### COUNT II:  INFRINGMENT OF THE '416 PATENT

27.     B & W incorporates by reference the foregoing allegations as if fully set forth herein.

28.     Defendants have infringed and continue to infringe the '416 Patent by making, using, selling, offering for sale, and/or importing, in the United States and this District, devices such as the Adjustable Tri-Ball Mount (P/N 63070), the Rotating, Height Adjustable Tri-Ball(P/N 70218) and the Adjustable Dual Ball Mount (P/N 63071), which incorporate all elements of one or more claims of the '416 Patent.

29.     B & W informed Defendants CPP and CCP that the manufacture and sale of  the Adjustable Tri-Ball Mount (P/N 63070) and the Adjustable Dual Ball Mount (P/N 63071) infringed the '416 Patent.

30.     Defendants continue selling the infringing devices despite knowledge of the '416 Patent.

31.     With knowledge of the '416 Patent, and after receiving B & W's admonitions regarding infringement, Defendants have continued to infringe the '416 Patent.

32.     Defendants' actions in infringing the '416 Patent have been, and continue to be willful, deliberate, and/or in conscious disregard of the rights of B & W, making this an exceptional case within the meaning of 35 U.S.C. § 285.

33.     As a result of Defendants' infringing activities, B & W has sustained damages in an amount to be proven at trial.

34.     Defendants will continue their infringing activities unless and until restrained and enjoined by this Court.

35.     Defendants' infringing activities have caused, and will continue to cause, B & W irreparable harm for which there is no adequate remedy at law.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, B & W respectfully prays that this Honorable Court enter:

A.     Judgment that Defendants have infringed one or more claims of the '148 Patent;

B.     Judgment that Defendants have infringed one or more claims of the '416 Patent;

C.     An injunction, under 35 U.S.C. § 283, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, using, selling, offering for sale and/or importing any devices or products that infringe one or more claims of the '148 and '416 Patents, or otherwise directly or indirectly committing further acts of infringement of those Patents.;

D.     An Order for an accounting for damages arising from Defendants' acts of infringement;

E.     An award of damages, including treble damages under 35 U.S.C. § 284, with interest;

F.     A finding that Defendants' infringement is willful, that it is an exceptional case, and awarding reasonable attorneys' fees to B & W under 35 U.S.C. § 285; and

G.     Such further relief as this Court deems proper.

## <u>DESIGNATION OF PLACE OF TRIAL</u>

Plaintiff hereby designates Kansas City, Kansas as the place of trial of this matter.

Dated:  October 14, 2015           Respectfully submitted,

*/s/ James J. Kernell*
James J. Kernell, #19559
Kent R. Erickson, #14927
Kyle D. Donnelly, #25531
ERICKSON KERNELL DERUSSEAU
& KLEYPAS, LLC
8900 State Line Road, Suite 500
Leawood, Kansas 66206
Telephone:     913-549-4700
Facsimile:     913-549-4646
Email:        jjk@kcpatentlaw.com

*Attorneys for Plaintiff*
*B & W Custom Truck Beds, Inc.*